IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| **ROBERT BUMANN**, *Estate Of,* | |
| Plaintiff, | **No. 12-CV-4031-DEO**[1] |
| v. | **Memorandum and Opinion Order** |
| **UNITED STATES OF AMERICA**, | |
| Defendant. | |

_____

I. INTRODUCTION AND BACKGROUND

On February 25, 2008, Robert Bumann (hereinafter "Plaintiff") was injured in a motor vehicle accident. Plaintiff alleges a Mr. Philip P. Sykes, an employee of the United States Postal Service, ran a stop sign with his post truck and collided with Plaintiff's vehicle. Docket No. 2, 2.

On February 18, 2010, Plaintiff filed a negligence cause of action, naming Mr. Sykes as the sole Defendant, in the Iowa District Court for Ida County. 11-CV-4007-DEO, Docket No. 5-1, 2. In the hearing of August 22, 2012, Plaintiff's counsel informed this Court that Plaintiff's insurance company was involved and Plaintiff was represented by counsel, but neither

_____

[1] Case 11-CV-4007-DEO, a case arising from the same set of facts as the instant case that will be discussed later in this Order, was previously dismissed by this Court due to exhaustion matters.

were aware of the implications that the Defendant was a postal worker until a later date.

On March 1, 2010, Mr. Bumann died; and the Iowa District Court gave Plaintiff leave to Amend his Complaint to substitute "The Estate of Robert Bumann" for the Plaintiff in his individual capacity.  Id.

On January 20, 2011, the United States Attorney for the Northern District of Iowa, Stephanie M. Rose, certified that Mr. Sykes "was acting within the scope of his employment as an employee of the United States of America" when the accident at issue took place.  11-CV-4007-DEO, Docket No. 1-2, 1. Pursuant to 28 U.S.C. § 2679(d)(2)[2] of the Federal Tort Claims Act (hereinafter "FTCA"), Plaintiff's cause of action was then removed to this Court.  11-CV-4007-DEO, Docket No. 1.  On February 17, 2011, the United States of America (hereinafter "the Government") filed an Unresisted Motion to substitute itself as the party in interest pursuant to 28 U.S.C. §

---

[2] 28 U.S.C. § 2679(d)(2) provides that "[u]pon certification by the Attorney General that [a] defendant employee was acting within the scope of his employment at the time of [an] incident . . . any proceeding commenced . . . in a State court shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."

2679(d)(1).³ 11-CV-4007-DEO, Docket No. 6. On the same day, this Court issued an Order granting their Motion. 11-CV-4007-DEO, Docket No. 7.

On February 18, 2011, the Government filed a Motion to Dismiss, arguing that Plaintiff failed to file an administrative claim as required pursuant to 28 U.S.C. § 2675(a).⁴ 11-CV-04007-DEO, Docket No. 8. On March 29, 2011, this Court granted the Government's Motion and dismissed Plaintiff's action without prejudice. 11-CV-4007-DEO, Docket No. 12, 4.

On April 7, 2011, Plaintiff filed his Federal Tort Claim with the United States Postal Service as a prerequisite to

---

³ 28 U.S.C. § 2679(d)(1) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant."

⁴ 28 U.S.C. § 2675(a) provides that "[a]n action shall not be instituted against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

pursuing its cause of action in a United States district court. Docket No. 2, 1. On October 3, 2011, the United States Postal Service denied Plaintiff's Federal Tort Claim. Id. On March 30, 2012, Plaintiff filed his pending Complaint. Id. Currently before this Court is the Government's Motion to Dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." (Docket No. 5).

**II. LAW AND ANALYSIS**

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal of a cause of action for "lack of subject-matter jurisdiction." It is a central principle of our Constitution that United States district courts are courts of limited subject-matter jurisdiction. United States district courts may gain subject-matter jurisdiction under two conditions: (1) via the express terms of the Constitution, or (2) via a Congressional grant of jurisdiction. See 13 Fed. Prac. & Proc. Juris. § 3522 (3d ed.).

In the wake of the FTCA,[5] Congress passed 28 U.S.C. § 1346(b)(1), which provides United States district courts

---

[5] Prior to the passage of the FTCA, the United States was traditionally immune from suits on the basis of sovereign immunity; however, the FTCA provided a "broad waiver of sovereign immunity . . . ." Kosak v. U.S., 465 U.S. 848, 852 (1984).

4

authority to hear certain suits brought against the Federal Government.  In pertinent part, 28 U.S.C. § 1346(b)(1) states:

> the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United states, for . . . personal injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .

However, the FTCA does not provide Federal district courts unlimited authority to hear suits brought against the Government.  When passing legislation granting subject matter jurisdiction to Federal district courts, Congress may define the exact conditions of its grant of jurisdictional authority.  In relation to the FTCA, Congress has limited the jurisdictional authority of United States district courts to cases that have been "presented in writing to the appropriate Federal agency within two years after such claim accrues" and that have been brought in United States district court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

In this case, though Plaintiff filed its Complaint with this Court within six months after the United States Postal

5

Service's final denial of the claim, Plaintiff did not present its claim to the United States Postal Service within two years after its claim accrued.

However, Plaintiff contends that 28 U.S.C. § 2679(d)(5) acts as a savings clause which places his cause of action within the purview of this Court's subject matter jurisdiction. Section 2679(d)(5) provides:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if:
>
> A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>
> B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

In other words, Section 2679(d)(5) provides a district court subject matter jurisdiction though a plaintiff has not technically complied with the statute of limitations in Section 2401(b). A close review of Section 2679(d)(5) reveals four requirements: (1) there must be an initial cause of action in which the United States was substituted as the party defendant; (2) the initial cause of action must have ben

dismissed pursuant to Section 2675(a); (3) the initial cause of action must have been filed within the 2 year statute of limitations period required under Section 2401(b); and (4) after dismissal of the initial cause of action, the plaintiff must have filed the instant action with the appropriate federal agency within 60 days.

As previously noted, on February 17, 2011, this Court granted the Government's motion to substitute itself as the party of interest in the initial cause of action.  On March 29, 2011, Plaintiff's initial cause of action was then dismissed pursuant to Section 2675(a).  Plaintiff filed the initial cause of action on February 18, 2010, which is within two years of the initial accident of February 25, 2010, as required pursuant to Section 2401(b).  Finally, after this Court dismissed Plaintiff's cause of action on March 29, 2011, Plaintiff filed his Federal Tort Claim with the United States Postal Service on April 7, 2011, within the required 60 day period.

It would appear Plaintiff has clearly met all of the requirements of Section 2679(d)(5). Regardless, Government's council cites a series of district court opinions for the general proposition that the Section 2679(d)(5) savings

provision does not apply when the Plaintiff was always aware that the initial defendant was a government employee who was more than likely operating within the scope of his employment. Docket No. 5-1, 14-18 (citing Carney v. United States, 2003 WL 21653853 (N.D. Tex. Mar. 31, 2003);[6] Bryant v. United States, 96 F. Supp. 2d 552, 553-54 (N.D Miss. 2000); Faura Cirino v. United States, 210 F. Supp. 2d 46 (D. Puerto Rico 2002); and Filaski v. United States, 776 F. Supp. 115, 117 (E.D. New York 1991)).  It is undisputed that Plaintiff, at the time of the accident on February 25, 2008, was aware that he was hit by a United States Postal Service truck but initially sued Mr. Phillip P. Sykes, the postal worker driving the truck, in his individual capacity.  However, the cases cited by the Government are not binding upon this Court.  Furthermore, after thorough review of the cases, this Court is persuaded that the Government relies upon creative editing involving the

---

[6] The quotation provided in the Government's brief was from a Magistrate Judge's Report and Recommendation, cited as "*Carney v. United States*, No. 177 Civ. 3:99-CV-1989, slip op. *9 (Dec. 5 2002) (Mag.).  Docket No. 5-1, 14.  The Order Accepting Findings and Recommendation of the United States Magistrate Judge, which this Court was able to find, only explicitly deals with the issue of fraudulent concealment, which is not currently before this Court.  This Court was unable to obtain a copy of the Magistrate's Report and Recommendation.  Therefore, this Court will not explicitly address the context of the passage of the Magistrate's Report and Recommendation cited by the Government.

dicta of case law not directly on point.

In Faura Cirino, the Government argued the plaintiff did not strictly comply with Section 2679(d)(5) in that they filed their administrative claim prior to dismissal of their initial cause of action and not within the 6 month period after dismissal.  210 F. Supp. at 54.  The Faura Cirino Court "easily" concluded that the plaintiff's "actions were reasonable and diligent under the circumstances, and their failure to wait for dismissal [was] . . . excusable." Id. The initial defendant in Faura Cirino was an employee at a federal health clinic, and so, just as here, the plaintiff in Faura Cirino was, from the start, aware that the federal government was implicated but was unaware of the ins and outs of the Federal Tort Claims Act.  The Government correctly notes that the Faura Cirino Court stated that the "purpose of Section 2679(d)(5) is to provide protection to plaintiffs that are diligently pursuing their claim, but are unaware that the proper defendant is the United States of America," but, when viewed in context, this appears to be precisely what happened in the case at bar.

Bryant v. United States involved a defendant who filed his initial cause of action 2 years, 8 months, and 12 days after his cause of action accrued, which fails to satisfy the third requirement[7] under Section 2679(d)(5).  96 F. Supp. 2d at 553.  While the Bryant Court stated that "Section 2679(d)(5) provides protection for the plaintiff who has no knowledge of the federal presence in a case," the Court neither explained the nature of plaintiff's "knowledge" required nor stated this was the only protection Section 2679(d)(5) provides.  Furthermore, the Bryant Court, directly below portions quoted by the Government, went on to conclude that "a plaintiff, whose claim is dismissed for failure to exhaust, [has] sixty days to file an administrative claim with the appropriate agency, *as long as the original lawsuit was commenced within the two year time period allowed for filing a claim*," which, again, is precisely what occurred in this case.  96 F. Supp. 2d at 554-55 (emphasis in original).

The Court in Filaski v. United States dismissed the plaintiff's cause of action for failure to file any administrative claim whatsoever in direct contravention of

---

[7] The third requirement is that the initial cause of action must have been filed within the 2 years of the accrual of the action.

Section 2675(a).  776 F. Supp. 115.  Viewed in the context of Section 2679(d)(5), the Filaski plaintiff failed to file her action with the appropriate federal agency within 60 days after the dismissal of the initial action because there had yet to be a dismissal.  The Government correctly notes that the Filaski Court stated, like the Bryant Court, that Section 2679(d)(5) "provides protection for the plaintiff who has no knowledge of the federal presence in the case," but it continued on to conclude that the

> plaintiff's claim herein will not be time-barred even if dismissed provided that she commenced her state court action within two years of the date of the accident, which she appears to have done, and provided that she present her claim to the appropriate federal agency within sixty days from the dismissal.

776 F. Supp. at 117.

The Government appears to read Faura Cirino, Bryant, and Filaski to require that a plaintiff have no knowledge that the person who injured them was acting in their capacity as a Government employee in order for a Court to have subject matter jurisdiction pursuant to Section 2679(d)(5).  However, these cases, when read in their entirety, merely indicate that Section 2679(d)(5) can, so long as its requirements are met,

provide relief to those who were unaware they were injured by a Government employee, but these cases do not indicate Section 2679(d)(5)'s effects are limited to those precise situations. A fair reading of these cases, as well as a fair reading of Section 2679(d)(5), supports the conclusion that relief can also be granted to those who, though they knew they were injured by a Government employee, did not know the Fair Tort Claims Act limited any cause of action they may have to the Federal Government.  After all, the United States Attorney did not certify that Mr. Sykes was acting within the scope of his employment, which directly resulted in his case being transferred to this Court and ultimately dismissed, until more than 11 months after the Plaintiff filed his initial complaint in state court.  Furthermore, Plaintiff timely engaged his insurance company as well as competent counsel for his state action, both of whom, though trained and sophisticated in these matters, were caught unaware of the intricacies of the FTCA.  Given this set of events, to hold that Plaintiff is no longer allowed to seek relief in a Federal Court would be, stated plainly, unfair; and this is precisely why Congress passed Section 2679(d)(5).

**III. CONCLUSION**

**Therefore, based upon the above considerations, this Court clearly has subject matter jurisdiction pursuant to the plain language of Section 2679(d)(5); and the Government's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby denied (Docket No. 5).**

**IT IS SO ORDERED** this 24th day of September, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa